## No. 34,132

RUBY MARIE KLAUSEN, by SINDA E. KLAUSEN, Her Mother and Next Friend, and SINDA E. KLAUSEN, *Appellee*, v. THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF THE STATE OF KANSAS, *Appellant*.

Opinion filed March 4, 1939.

*N. J. Wollard* and *Leo Swoboda*, both of Kansas City, for the appellant; *Elmer E. Martin*, of Kansas City, of counsel.

*Paul H. Ditzen* and *Hylton Harman*, both of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action on a beneficiary certificate. A jury trial resulted in judgment for plaintiff. Defendant has appealed.

The record discloses that defendant is a fraternal benefit society organized and doing business under the laws of this state. It issues beneficiary certificates to children as well as to adults. Those

issued to children are known as juvenile certificates and they expire by their terms when the child to whom it is issued attains the age of sixteen years.

Plaintiff alleged that in June, 1927, defendant issued to her its juvenile certificate for $1,000; that she paid the dues and assessments and complied with all provisions of defendant's constitution, bylaws, rules and regulations necessary to keep the certificate in force, until September 3, 1933, when she attained the age of sixteen years; that the pertinent section of the constitution and laws of the order reads:

"*Transfer to Full Benefit Membership.* Upon the sixteenth birthday of a juvenile member holding a term to age 16 or term to age 16 special certificate his membership in the juvenile beneficiary department shall be canceled and his insurance protection thereunder shall cease and determine; he shall be automatically transferred to full benefit membership in the A. O. U. W. of Kansas and issued a certificate on the twenty-payment life plan for $1,000 and exempted from the payment of assessments, dues and any tax for the first six months of his membership."

Plaintiff further alleged that she was then entitled automatically to have issued to her one of the defendant's twenty-payment life certificates in the sum of $1,000, but that defendant failed and refused to issue such certificate to plaintiff. That the twenty-payment life certificate plaintiff was entitled to have issued to her contained the following provision:

"Should the member become wholly disabled by reason of body injury or disease and thereby being prevented permanently and continuously from engaging in any occupation or duties of gainful nature at any time prior to reaching seventy years of age upon receipt of due and satisfactory proof of such disability and upon the surrender of this certificate for cancellation, duly received [receipted] by both the member and the beneficiary, or beneficiaries the order will pay to the said member as a permanent total disability benefit, one-half of the sum promised in this certificate to be paid as a death benefit minus any amount due from the member to the order."

It was further alleged that plaintiff is wholly disabled and prevented permanently from engaging in any occupation or duties of a gainful nature, and that due and satisfactory proof of this fact had been furnished to defendant, and that on account of the physical condition of plaintiff she was entitled to judgment in the sum of $500.

The answer admitted the issuance of the juvenile certificate to plaintiff, as alleged in her petition; that the constitution and laws contained the pertinent provision quoted in the petition; that plain-

tiff was entitled automatically to have issued to her the twenty-payment life certificate, and that the certificate she was entitled to receive contained the clause quoted in the petition, and denied generally all the other allegations of the petition.

At the beginning of the trial defendant tendered to plaintiff a twenty-payment life certificate, which plaintiff refused to accept because it contained provisions in conflict with those alleged in the petition and admitted by the answer. The opening statements made it clear that the only matter in controversy to be tried was whether plaintiff was in fact wholly disabled from engaging in any occupation or duties of a gainful nature. Answering special questions, the jury found that controverted issue in favor of plaintiff. On being asked, "When did plaintiff first become so disabled?" the jury answered, "Since childhood." The general verdict for plaintiff was for $500, which the court reduced by the amount of the premiums which would have been paid on the twenty-payment life certificate before the action was brought, and rendered judgment for plaintiff for $468.91.

In this court appellant argues that its demurrer to the petition should have been sustained and that its demurrer to plaintiff's evidence should have been sustained. We have examined both these points and find that they are not well taken. It is argued there was no admission of counsel of any fact justifying the court in disregarding the pleadings and evidence. We find nothing in the record to indicate that the court did disregard either the pleadings or the evidence. Indeed, the contrary appears. It is argued there is no substantial proof of disability maturing the policy. There was a conflict of evidence on that point, but the record contains an abundance of substantial, competent evidence to support the findings of the jury.

It is argued that plaintiff could not recover unless her disability originated after she became sixteen years of age. This argument is based on the answer of the jury to a special question to the effect that her disability began or existed since childhood, and upon the language of the provision of the twenty-payment life certificate "should the member become wholly disabled. . . ." It is argued this provision looks to the future, not to the past, hence that there could be no recovery under the twenty-payment life certificate if the member had in fact become wholly disabled prior to having attained the age of sixteen years. The difficulty of considering this

question in this court is that it was not raised in the trial court. The trial was primarily upon the question of whether plaintiff was wholly disabled at the time the action was brought and at the time of the trial. In fact, so far as any time was considered before or after which this disability should be shown to exist, the point contended for by defendant was that it was necessary to show that the total disability existed prior to April 1, 1935. ·Since the question now raised is new in this case we feel compelled to follow the rule frequently announced and applied that a question not presented to or ruled upon by the trial court will not be considered on appeal.

The judgment of the court below is affirmed.